**<u>TABLE OF EXHIBITS</u>**

| Exhibit | Description | Page |
|:---:|:---|:---:|
| **A** | A true and correct copy of the NDA signed by Dahlin on March 25, 2020 | 3 |

**COMPLAINT FOR DAMAGES**

# EXHIBIT A

DocuSign Envelope ID: B4A746CB-D796-4E5A-9C9B-26607C75624A

## WHITE SLATE LLP D/B/A SLATE LAW GROUP
## NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT

This Mutual Non-disclosure Agreement (this "Agreement" or "NDA") is effective on February 3, 2020 (the "Effective Date"), by and between White Slate, LLP, d/b/a Slate Law Group, a California limited liability partnership with its principal place of business located at 2131 Third Ave, San Diego CA, 92101 ("Slate Law Group"), and———————Derek Dahlin———————, an individual ("Recipient"). Slate Law Group and Recipient may each be referred to as "Party" individually and/or collectively as "Parties" hereinafter throughout this Agreement. The Recipient, as the party receiving Confidential and Proprietary Information may be referred to as the "Receiving Party" Slate Law Group, as the Party disclosing Confidential and Proprietary Information may be referred to as the "Disclosing Party" hereinafter throughout this Agreement.

## RECITALS

**WHEREAS**, Slate Law Group wishes to engage Recipient to provide certain services and/or employment for the benefit of Slate Law Group; and

**WHEREAS**, the Parties desire to engage in discussions regarding clients, dealings, and finances of Slate Law Group (the "Transaction"); and

**WHEREAS**, the Parties may, from time to time, disclose certain Trade Secret and/or Confidential, Business and Proprietary Information (as defined below) during discussions; and

**WHEREAS**, Slate Law Group wishes to keep confidential and safeguard its Trade Secret and/or Confidential, Business and Proprietary Information between the Parties; and

**WHEREAS**, this Agreement is intended by the Parties to protect Slate Law Group's Trade Secret, Business and/or Confidential and Proprietary Information against unauthorized use or disclosure; and

**WHEREAS**, Recipient wishes to establish and maintain a professional or employment relationship with Slate Law Group, and therefore desires to enter into this Agreement with Slate Law Group.

## AGREEMENT

**NOW**, **THEREFORE**, in consideration of the mutual promises contained herein, and Slate Law Group's engagement/employment or continued engagement/employment of Recipient, the Parties hereby agree as follows:

## 1. Definitions.

**1.1.** <u>Confidential and Proprietary Information</u>. For purposes of this Agreement, "**Confidential, Business and Proprietary Information**" shall mean any data or information that is disclosed by the Disclosing Party to a Receiving Party which is not generally known to the public, in tangible or intangible form, and is of value to Slate Law Group, and relates to Slate Law Group's clients, client lists, product plans, designs, costs, prices, suppliers, finances, marketing plans, business strategies and opportunities, research, development, know-how, personnel training and management, and/or any other disclosed information the Disclosing Party considers to be "Confidential" or otherwise notifies Receiving Party as being Confidential. Confidential

NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT

Information shall also include all data and information provided on behalf of Slate Law Group to Recipient on or prior to the Effective Date.

**1.1.1.** Notwithstanding anything contrary to the foregoing, Confidential Information may not include data or information which Slate Law Group reasonably determines: (a) was known by the Receiving Party prior to receiving the Confidential Information from the Disclosing Party; (b) becomes rightfully known to the Receiving Party from a third party source not known (after diligent inquiry) by the Receiving Party to be under an obligation to Disclosing Party to maintain confidentiality; (c) is or becomes publicly available through no fault of or failure to act by the Receiving Party in breach of this Agreement; (d) is required to be disclosed in a judicial or administrative proceeding, or is otherwise requested or required to be disclosed by law or regulation, although the requirements of Paragraph 4 hereof shall apply prior to any disclosure being made; and (e) is or has been independently developed by the Receiving Party without violation of the terms of this Agreement or reference or access to any Confidential Information.

**1.2.** <u>Trade Secret Information</u>. For purposes of this Agreement, "**Trade Secret Information**" shall be given its broadest possible interpretation and shall mean any and all documents, information or other data (whether recorded or otherwise), in whole or in part, which concerns Slate Law Group or its business and which (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Such Trade Secret Information includes, without limitation, information related to Slate Law Group's client lists, potential client lists, business techniques, strategies and methodologies, marketing plans, handbooks, suppliers, service providers, advertising, contracts, forecasts, pricing, practices, techniques, business plans, financial plans, research, development, purchasing, accounting, programming and/or relationship development or any other tangible or intangible information and data provided to Recipient through Slate Law Group.

**1.3.** <u>Representatives</u>. For purposes of this Agreement, "**Representatives**" shall mean attorneys, officers, consultants, contractors, interns, and other personnel of Slate Law Group as well as any agents, employees, or 1099 contractors.

**1.4.** <u>Departure</u>. For purposes of this Agreement, "**Departure**" shall mean: (i) the completion or termination of the dealings between the Parties; and (ii) the termination of Recipient's engagement and/or contractual relationship with Slate Law Group.

**1.5.** <u>Competitive Consulting</u>. For the purposes of this Agreement, "**Competitive Consulting or Employment**" is defined as consultation, employment, client, and/or legal services that may be rendered in the same areas where in Slate Law Group operates, which may interfere with performance of Recipient, draw from Slate Law Group clientele and/or leads, or disrupt Recipient's ability to competently complete established goals and or services that Slate Law Group engaged Recipient for. Additionally, Competitive Consulting is that which would harm or deter active and/or future business of Slate Law Group or take business opportunities that would otherwise go to Slate Law Group.

**1.6.** <u>Non-Competitive Consulting</u>. For the purposes of this Agreement, "**Non-Competitive Consulting**" is defined as consultations that would be beneficial to Slate Law Group, is in furtherance of Slate Law Group's business interests, and does not result in any monetization or

compensation to Recipient on the basis of information obtained during the course of engagement by Slate Law Group.

**2. Ownership of Confidential, Business and Proprietary Information.** Notwithstanding anything contrary in this Agreement, the Parties understand and acknowledge that all Trade Secret Information, Confidential and Proprietary Information, and intellectual property rights, including, but not limited to, copyright and trademarks, therein remain the exclusive property of Slate Law Group, and no ownership, license or other right to Trade Secret Information or Confidential and Proprietary Information is granted or implied hereby to Recipient.

**3. Non-Disclosure of Trade Secret Information, Confidential, Business and Proprietary Information.** Recipient shall not to use, disclose, or cause the use or disclosure of any Confidential and Proprietary Information and/or Trade Secret Information for any purpose other than to diligently carry out the negotiations and undertakings concerning the Transaction contemplated under this Agreement. Recipient shall carefully restrict access of Confidential Information to those of Slate Law Group's Representatives, directors, officers, employees, consultants, contractors, and agents who require such access in order to participate on behalf of Recipient in the current Transaction, dealings, contract or agreement, or the advisability thereof, with Slate Law Group. The Parties shall be held responsible for breaches of this Agreement by that Party's respective Representatives who may require or receive Trade Secret and/or Confidential and Proprietary Information in furtherance of the business relationship, transaction, any contract or agreement or advisability thereof.

**4. Non-Use of Trade Secret Information, Confidential Business and Proprietary Information**. Recipient shall not, without the prior written approval of a Representative of Slate Law Group in each instance, or unless otherwise expressly permitted by the terms of this Agreement, use, publish, or otherwise cause the use of any Trade Secret Information and/or Confidential and Proprietary Information by its Representatives, directly or indirectly, for Recipient's benefit and/or to the detriment of Slate Law Group. The Parties understand and acknowledge that Recipient's obligations under this Agreement with regard to nonuse of Confidential and Proprietary Information and/or Trade Secret Information shall remain in effect for as long as such information shall remain confidential and non-public or as long as required under applicable law, whichever shall be longer.

**5. Compelled Disclosure of Trade Secret or Confidential Business and Proprietary Information.** Receiving Party may disclose Confidential Information pursuant to any governmental, judicial, or administrative order, subpoena, discovery request, regulatory request or similar method, provided that Receiving Party promptly give reasonable notice to Disclosing Party in writing of such demand for disclosure so that Disclosing Party, at its sole expense, may seek to make the disclosure subject to a protective order or other appropriate remedy to preserve the confidentiality of the Trade Secret Information and/or Confidential and Proprietary Information; provided that if the Receiving Party is legally required to disclose such Trade Secret Information and/or Confidential and Proprietary Information in regards to a broad regulatory request with respect to Receiving Party's business, Receiving Party may promptly comply with such request and, if permitted by such regulation, give Disclosing Party prompt notice to such disclosure for Disclosing Party to put forth reasonable efforts to oppose such disclosure with Receiving Party's reasonable cooperation.

**6. Solicitation of Representatives**. Recipient recognizes that possession of Trade Secret Information and/or Confidential Information Business and Proprietary Information includes information that is private, privileged, and or/ personal to clientele and Representatives of Slate

NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT

DocuSign Envelope ID: B4A746CB-D796-4E5A-9C9B-26607C75624A

Law Group, relating to Representative's education, experience, skills, abilities, compensation and benefits, and interpersonal relationships amongst Representatives. Recipient recognizes that such information is private, personal, generally unknown, and is of substantial value to Slate Law Group, the development of Slate Law Group's business and client dealings, and in securing and retaining Representatives, and in managing the daily operations of Slate Law Group. Recipient also recognizes that such information has been acquired solely because of Recipient's current engagement by Slate Law Group. Accordingly, for a period of two (2) consecutive years after any such engagement, Recipient agrees not to, directly or indirectly, convey such Trade Secret Information and/or Confidential and Proprietary Information pertaining to Slate Law Group or any other Representatives of Slate Law Group to any other person or to any legally recognized entity (the "Restricted Period").

**7. Return of Trade Secret Information, Confidential, Business and Proprietary Information.** Recipient shall immediately return to Slate Law Group any and all writings, communications, and documents pertaining to Trade Secret Information and/or Confidential Information and Proprietary Information of Slate Law Group and any and all records, notes, and other written, printed or tangible materials pertaining to such Trade Secret Information and/or Confidential Information and Proprietary Information in whatever form of storage, upon the earlier of: (i) the completion or termination of the dealings between the Parties; (ii) the termination of this Agreement; or (iii) at such time that Slate Law Group shall request in writing; provided that Recipient may retain such Confidential and Proprietary Information as is necessary to comply with document retention policies and may, upon Slate Law Group's receipt of written certification by Recipient's authorized Representative, destroy any of the foregoing embodying Confidential and Proprietary Information.

**8. Competition During Engagement or Employment.** The Parties understand and acknowledge that Competitive Consulting is not permitted and may be grounds for termination of this Agreement at the sole discretion of Slate Law Group, and is grounds for an immediate request by Slate Law Group for adequate remedies such as injunctive relief and/or monetary damages.

**9. Term.** This Agreement shall remain in full force and effect as of the Effective Date for the duration of Recipient's engagement by Slate Law Group and for a term of two (2) consecutive years after termination of Recipient's engagement thereafter for any reason (the "Restricted Period"). Notwithstanding the foregoing or anything contrary to the foregoing, the Parties understand and acknowledge that each Party has a duty to hold, in confidence, Trade Secret Information and/or Confidential and Proprietary Information that was disclosed during the term ~~remains~~ indefinitely.

**10. Non-Disparagement.** Both during the period that this Agreement is in full force and effect, and during the Restricted Period following end of engagement, Recipient agrees to not disparage Slate Law Group in any manner harmful to Slate Law Group's business reputation and to the personal or professional reputation of any of Slate Law Group's individual Representatives, employees, partners, officers, or agents. Recipient understands and acknowledges that a breach of this provision shall constitute a breach of this Agreement. The Parties understand and acknowledge that Slate Law Group's damages under a breach of this provision would be difficult if not impossible, to determine. Therefore, a breach of this provision by Recipient shall result in Slate Law Group having the right to obtain injunctive and other applicable equitable relief from Recipient. This right of Slate Law Group shall be in addition to remedies otherwise available to Slate Law Group at law, in equity or otherwise.

NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT

**11. Injunctive Relief.** Recipient understands and acknowledges that any disclosure or misappropriation of any of Trade Secret Information and/or Confidential Information and Proprietary Information in violation of this Agreement may cause Slate Law Group irreparable harm, the amount of which may be difficult to ascertain and, therefore, agrees that Slate Law Group shall have the right to apply to a court of competent jurisdiction for an order restraining any further disclosure or misappropriation, and for such other relief as Slate Law Group shall deem appropriate. This right of Disclosing Party shall be in addition to the remedies otherwise available to Slate Law Group at law or in equity.

**12. Assignment.** Except as set forth in this Agreement or otherwise mutually agreed upon in writing by the Parties, this Agreement is non-assignable and nondelegable.

**13. Entire Agreement.** This Agreement represents the entire agreement between the Parties with regard to the subject matter discussed herein. This Agreement may only be changed in writing, signed by both Parties. The recitals set forth above are true, correct, contractual in nature and are hereby incorporated into this Agreement by this reference.

**14. Severability.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire agreement will be severable and remain in effect.

**15.Attorney's Fees.** If either Party breaches this Agreement and the Parties are required to employ an attorney as a result of such breach, the breaching Party agrees to pay the non-breaching Party for all such reasonable attorney's fees, court costs, and expenses as the non-breaching Party may incur.

**16. Acknowledgment of Consideration.** The Parties hereby represent, warrant, and covenant that in connection with their obligations set forth in this Agreement, the Parties have received, are receiving and/or will be receiving adequate consideration thereof.

**17. Binding and Successors.** This Agreement and Recipient's obligations hereunder shall be binding upon the Representatives of Recipient as defined in Section 1.3 of this Agreement and shall inure to the benefit of Slate Law Group.

**18. Governing Law and Jurisdiction.** This Agreement shall be governed by and construed in accordance with the laws of the State of California, and the Parties elect San Diego County, State of California to be the exclusive place of jurisdiction for the purposes of this Agreement.

**20. Waiver.** Any waiver by any Party, expressed or implied, of a default or breach of any term of this Agreement shall not be deemed to be a waiver of any other default or breach. Failure of a Party to declare or act upon any default will not constitute a waiver of such default.

**21. Modification.** No modification, termination, or attempted waiver of this Agreement, or any provision thereof, shall be valid unless in writing signed by both Parties.

**22. Counterparts.** The Parties may execute this Agreement in any number of counterparts, each of which is an original, but all of which shall constitute one (1) single instrument of the same.

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed as of the Effective Date by their duly authorized Representatives:

Date: _____3/25/2020_____          Date: _____3/25/2020_____


Signature: _____ *kelly DuFord* _____          Signature: _____ *Derek Dahlin* _____
KELLY E. DUFORD                                Name: _____Derek Dahlin_____
Managing Partner
**WHITE SLATE, LLP (Disclosing Party)**        **Recipient (Receiving Party)**

NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT