| | |
|---|---|
| 1 | COOLEY LLP<br>SUMMER J. WYNN (240005) |
| 2 | (swynn@cooley.com)<br>JAYME B. STATEN (317034) |
| 3 | (jstaten@cooley.com)<br>4401 Eastgate Mall |
| 4 | San Diego, California  92121-1909<br>Telephone:  +1 858 550 6000 |
| 5 | Facsimile:   +1 858 550-6420 |
| 6 | COOLEY LLP<br>JASMIN F. MOTLAGH (311639) |
| 7 | (jmotlagh@cooley.com)<br>1333 2nd Street, Suite 400 |
| 8 | Santa Monica, California  90401-4100<br>Telephone:  +1 310 883 6400 |
| 9 | Facsimile:   +1 310 883 6500 |
| 10 | Attorneys for Defendants<br>DEREK DAHLIN, BRIAN EVANS, ROBERT |
| 11 | SMITH, WES BRUMMETTE and MANGO<br>TECHNOLOGIES, INC. DBA CLICKUP |
| 12 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 16 | WHITESLATE, LLP DBA SLATE LAW GROUP, | Case No. 3:20-cv-01782-W-BGS |
| 17 | | **DECLARATION OF SUMMER J. WYNN IN SUPPORT OF DEFENDANTS'** |
| 18 | Plaintiff, | **MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| 19 | v. | |
| 20 | DEREK DAHLIN, an individual; BRIAN EVANS, individually, and as | Date:    January 25, 2021<br>Time:    N/A |
| 21 | Chief Executive Officer of MANGO TECHNOLOGIES, INC. DBA | Dept.:   3C<br>Judge:   Thomas J. Whelan |
| 22 | CLICKUP; ROBERT SMITH, individually, and as Chief Financial | |
| 23 | Officer and Secretary of MANGO TECHNOLOGIES, INC. DBA | **NO ORAL ARGUMENT PURSUANT TO LOCAL RULE** |
| 24 | CLICKUP; WES BRUMMETTE, individually, and as Agent for Service of | |
| 25 | Process of MANGO TECHNOLOGIES, INC. DBA CLICKUP; MANGO | [*Filed Concurrently with Notice of Motion; Memorandum of Points and Authorities; and [Proposed] Order*] |
| 26 | TECHNOLOGIES, INC. DBA CLICKUP; and DOES 1-100, | |
| 27 | INCLUSIVE, | Date Action Filed: September 10, 2020<br>Trial Date:   None set |
| 28 | Defendants. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1

**DECLARATION OF SUMMER J. WYNN**
**3:20-CV-01782-W-BGS**

I, Summer J. Wynn, declare:

1.  I am a partner with the law firm Cooley LLP, counsel for Defendants Derek Dahlin, Brian Evans, Robert Smith, Wes Brummette, and Mango Technologies, Inc. dba ClickUp ("Defendants"). I submit this declaration in support of Defendants' Motion to Dismiss Plaintiff's Complaint. I have personal knowledge of the following facts and, if called as a witness to testify, could and would testify competently to them.

2.  Beginning on or about October 8, 2020, I conferred with Plaintiff counsel in an effort to avoid motion practice regarding the lack of personal jurisdiction over Defendant Robert Smith, who is not a resident of California. As part of this effort to meet and confer, on or about October 22, 2020, I sent Plaintiff counsel a copy of Mr. Smith's declaration, which is now before the Court and attached here as **Exhibit A**. On or about October 27, 2020, I provided Plaintiff counsel with the legal basis supporting dismissal of Mr. Smith based on lack of personal jurisdiction. On or about November 2, 2020, Plaintiff counsel advised that Plaintiff would not voluntarily dismiss Mr. Smith. True and correct copies of this correspondence are collectively attached as **Exhibit B**.

3.  Attached as **Exhibit C** is a true and correct redacted copy of the employment offer letter provided by Plaintiff to Derek Dahlin on or about April 14, 2020, and signed by Derek Dahlin on or about April 15, 2020, which is referenced in the Complaint at ¶¶ 47 - 50, 200, 202 - 203, 206 - 207, 211, 221, 229, 235, and 243. Although Defendants do not believe that any portion of Exhibit C is confidential, Defendants have applied redactions as a courtesy to Plaintiff to those terms referencing certain benefits and conditions of the employment offer that are not relevant to the issues raised by Defendants' motion.

Executed on November 18, 2020 in San Diego, California.

>*/s/ Summer J. Wynn*
> Summer J. Wynn

## EXHIBIT INDEX

| **Exhibit** | **Description** | **PDF Page** |
|---|---|---|
| **Exhibit A** | Declaration of Robert Smith dated October 22, 2020 | 5 |
| **Exhibit B** | A true and correct copy of correspondence between Counsel Regarding Defendant Robert Smith | 7 |
| **Exhibit C** | A true and correct redacted copy of the employment offer letter provided by Plaintiff to Derek Dahlin on or about April 14, 2020, and signed by Derek Dahlin on or about April 15, 2020 | 13 |

# EXHIBIT A

## DECLARATION OF ROBERT D. SMITH

I, Robert D. Smith, declare as follows:

1. I am over eighteen years old. I have personal knowledge of the following facts and, if called as a witness to testify, could and would testify competently to them. I understand that I have been named by Whiteslate, LLP dba Slate Law Group ("Slate Law Group") as a defendant in a lawsuit titled *Whiteslate, LLP dba Slate Law Group v. Derek Dahlin, et al.*, Case No. 3:20-cv-01782-W-BGS, filed in the United States District Court for the Southern District of California (the "Lawsuit").

2. I currently reside in Myrtle Beach, South Carolina, where I have lived for the past 2.5 years. Prior to that, I lived in Tennessee.

3. I do not live, reside, or own property in California.

4. I do not work in, or conduct any business in, California.

5. I do not pay taxes in California.

6. I do not have any bank accounts based in California.

7. I do not have a registered agent for service of process in California.

8. I am not currently, nor have I ever been, an employee of Mango Technologies, Inc. dba ClickUp ("ClickUp").

9. I am not an officer or board member of ClickUp.

10. To my knowledge, I have not had any communications with Slate Law Group, or any of its employees.

11. I have not had any communications with Derek Dahlin.

12. Prior to the filing of the Lawsuit, I have not had any communications with any employee or officer of ClickUp regarding Mr. Dahlin or ClickUp working with Mr. Dahlin.

Executed on October 22, 2020 in Myrtle Beach, South Carolina.

Robert D. Smith

# EXHIBIT B

From: Kelly DuFord Williams <kedwilliams@slatelawgroup.com>
Sent: Monday, November 2, 2020 2:51 PM
To: Wynn, Summer <swynn@cooley.com>
Cc: Joel Feldman <jfeldman@slatelawgroup.com>; Christine Robles <crobles@slatelawgroup.com>; Staten, Jayme <jstaten@cooley.com>; Motlagh, Jasmin F. <jmotlagh@cooley.com>; Salas, Marisa <msalas@cooley.com>
Subject: Re: Slate adv. Dahlin, et al. - Request for Dismissal of Robert Smith

[External]

Thanks for following up. I think without more info, we have to have the court hear it. I just would be concerned without a depo. of who he is, why he was listed as CFO etc. but never got a salary or was in CA ..... I am too concerned about dismissing him

Sorry for the delay

On Mon, Nov 2, 2020 at 2:45 PM Wynn, Summer <swynn@cooley.com> wrote:

> Hi Kelly – following up on the below. I know we played a little phone tag last week, so please let me know if you would like to schedule a time to talk this week. Otherwise, please let us know you position with respect to dismissing Mr. Smith.
>
> Thanks,
>
> Summer
>
> From: Wynn, Summer
> Sent: Tuesday, October 27, 2020 3:36 PM
> To: 'Kelly DuFord Williams' <kedwilliams@slatelawgroup.com>
> Cc: Joel Feldman <jfeldman@slatelawgroup.com>; Christine Robles <crobles@slatelawgroup.com>; Staten, Jayme <jstaten@cooley.com>; Motlagh, Jasmin F. <jmotlagh@cooley.com>; Salas, Marisa <msalas@cooley.com>
> Subject: RE: Slate adv. Dahlin, et al. - Request for Dismissal of Robert Smith
>
> Hi Kelly – Mr. Smith's last visit to California was years ago. Mr. Smith has not received income from ClickUp, and he has not attended any ClickUp board meetings. There is absolutely no basis or need for a deposition.
>
> Please let us know if you will dismiss him. If not, we will add the jurisdictional arguments to the motion to dismiss.
>
> Thanks,
>
> Summer

**From:** Kelly DuFord Williams <kedwilliams@slatelawgroup.com>
**Sent:** Tuesday, October 27, 2020 1:04 PM
**To:** Wynn, Summer <swynn@cooley.com>
**Cc:** Joel Feldman <jfeldman@slatelawgroup.com>; Christine Robles <crobles@slatelawgroup.com>; Staten, Jayme <jstaten@cooley.com>; Motlagh, Jasmin F. <jmotlagh@cooley.com>; Salas, Marisa <msalas@cooley.com>
**Subject:** Re: Slate adv. Dahlin, et al. - Request for Dismissal of Robert Smith

**[External]**

Hi Summer,

Can you confirm Mr. Smith did not receive/derive any economic advantage from the contacts in CA ie: did he ever visit CA and did he receive income from Clickup, attend board meeting (locally or remotely in CA) .... or should we a do a brief depo re: the same?

On Tue, Oct 27, 2020 at 12:37 PM Wynn, Summer <swynn@cooley.com> wrote:

> I'm writing to follow-up on this discussion about Robert Smith. Kelly, I also just left you a voicemail, please feel free to give me a call back or we can schedule a time to talk if you would like to do so.
>
> As you know, the district court must have personal jurisdiction over each defendant in an action. While the Complaint alleges that Mr. Smith is a resident of San Diego, he is not. His declaration establishes that he does not reside, and has never resided, in California. Because Mr. Smith is a non-resident, the court may exercise jurisdiction over him only if Slate demonstrates either: (1) "general jurisdiction," which arises where a defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic," to justify the exercise of jurisdiction over him in all matters; or (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum give rise to the claim in question. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1118 (C.D. Cal. 2009).
>
> For general jurisdiction to exist, the defendant must engage in "continuous and systematic general business contacts" that "approximate physical presence in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id*.
>
> For specific jurisdiction, the Ninth Circuit employs the following three prong test:
>
> 1. The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> 2. The claim must be one which arises out of or relates to the defendant's forum-related activities; and
> 3. The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.
>
> *Id*. at 802.
>
> As shown in Mr. Smith's declaration, Mr. Smith does not have any contacts – let alone the requisite "minimum contacts" – to subject him to general or specific personal jurisdiction in California. He is not an employee or officer of the Company, and does not conduct any business in California. He has not had any communications with Slate, its employees, or Derek Dahlin. Indeed, prior to this lawsuit, he did not have any communications with any employee or officer of the Company regarding Mr. Dahlin.
>
> Further, the mere fact Mr. Smith is listed on the SOI is insufficient to confer jurisdiction. The law is clear that "[t]he mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d

1109, 1119–20 (C.D. Cal. 2009); *see also Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989) ("Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person."). Rather, "[e]ach defendant's contacts with the forum state must be assessed individually." *Moser v. Lifewatch Inc.*, No. 19-CV-831-WQH-BLM, 2020 WL 1849664, at *5 (S.D. Cal. Apr. 13, 2020).

Mr. Smith does not have any contacts with California, or this action. Simply put, Mr. Smith is not subject to general or specific personal jurisdiction in California. Accordingly, we request that Slate dismiss Mr. Smith voluntary so that we may avoid needless motion practice on this issue.

As stated above, I can be available to discuss if you would like to do so.

Thanks,

Summer


**From:** Joel Feldman <jfeldman@slatelawgroup.com>
**Sent:** Monday, October 26, 2020 11:55 AM
**To:** Wynn, Summer <swynn@cooley.com>
**Cc:** Kelly DuFord Williams <kedwilliams@slatelawgroup.com>; Christine Robles <crobles@slatelawgroup.com>; Staten, Jayme <jstaten@cooley.com>; Motlagh, Jasmin F. <jmotlagh@cooley.com>; Salas, Marisa <msalas@cooley.com>
**Subject:** Re: Slate adv. Dahlin, et al. - Request for Dismissal of Robert Smith

**[External]**

---

Hi Summer,

What is the best number to reach you at?

Respectfully,

Joel Feldman

**Senior Litigation Paralegal/Team Lead**

Office: 619-546-4291

Mailing Address: 750 B St. Unit 2250, San Diego CA 92101

CONFIDENTIAL COMMUNICATION
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.  Use or distribution by an unintended recipient is prohibited and may be a violation of law.  If you believe that you received this e-mail in error, please do not read this e-mail or any attached items, please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and copies thereof.


On Mon, Oct 26, 2020 at 10:07 AM Wynn, Summer <swynn@cooley.com> wrote:

> Thanks, Joel. This document does not make Mr. Smith a proper defendant in your case, so I'm not following the logic of your question.

Mr. Smith is not subject to personal jurisdiction in California, and he has had zero dealings with Slate or Mr. Dahlin.

If you have a basis for naming him, please provide it. Thanks.

**From:** Joel Feldman <jfeldman@slatelawgroup.com>
**Sent:** Monday, October 26, 2020 9:46 AM
**To:** Wynn, Summer <swynn@cooley.com>
**Cc:** Kelly DuFord Williams <kedwilliams@slatelawgroup.com>; Christine Robles <crobles@slatelawgroup.com>; Staten, Jayme <jstaten@cooley.com>; Motlagh, Jasmin F. <jmotlagh@cooley.com>; Salas, Marisa <msalas@cooley.com>
**Subject:** Re: Slate adv. Dahlin, et al. - Request for Dismissal of Robert Smith

[External]

Hi Summer,

As soon as 5/28/2020 Robert Smith was listed as the CFO on their filed SOI which is attached.

To that end, what is your legal justification for having Mr. Smith dismissed? Without such, we will await your 12(b)(6).

Thank you.

Respectfully,

Joel Feldman

**Senior Litigation Paralegal/Team Lead**

Office: 619-546-4291

Mailing Address: 750 B St. Unit 2250, San Diego CA 92101

CONFIDENTIAL COMMUNICATION
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.  Use or distribution by an unintended recipient is prohibited and may be a violation of law.  If you believe that you received this e-mail in error, please do not read this e-mail or any attached items, please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and copies thereof.

On Thu, Oct 22, 2020 at 10:35 PM Wynn, Summer <swynn@cooley.com> wrote:

> Hi Kelly – as I have mentioned, Robert Smith is not an employee or officer of the Company, and he is not a resident of California. We do not believe there is any basis to name him in the lawsuit. Please see the attached declaration from Mr. Smith.
>
> I am writing to again ask that Plaintiff consider dismissing Mr. Smith voluntarily.

4

If Plaintiff will not agree to voluntarily dismiss him, he will be filing a motion to dismiss based on lack of personal jurisdiction (in addition to joining the arguments of the remaining defendants).

If you believe you have any proper basis to maintain Robert Smith as a party in this action, please tell us by no later than October 30. Also, please let me know if you would like to schedule a time to discuss.

Thanks very much,

Summer

**Summer Wynn**

Partner
Cooley LLP
4401 Eastgate Mall
San Diego, CA   92121-1909
+1 858 550 6030 office
+1 858 550 6420 fax
swynn@cooley.com
www.cooley.com/swynn

Cooley is committed to **racial justice**

Cooley is one of Fortune's **100 Best Companies to Work For**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

CONFIDENTIAL COMMUNICATION
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.  Use or distribution by an unintended recipient is prohibited and may be a violation of law.  If you believe that you received this e-mail in error, please do not read this e-mail or any attached items, please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and copies thereof.

# EXHIBIT C



2131 3rd Ave
San Diego, CA 92101
Ph: (619) 546-4291
Fax: (619) 354-2449

Kelly DuFord, Esq.*
Michael Weiner, Esq.+
Bryan Blanco, Esq.#
*Licensed in CA and NV
+ Licensed in CA and D. COLO.
#Licensed in California

April 14, 2020

**VIA EMAIL**
Derek Dahlin

Re:     Job Offer for Associate Transactional Attorney (At-Will Employment)

Dear Derek,

We are pleased to make an offer to you for a full-time Associate Transactional Attorney Position. The goal is for you to have the opportunity to help support our growing practice as well as develop your own book of business. Your anticipated start date will be April 21, 2020.

### Job Description

The Associate Transactional Attorney position at Slate Law Group will be full-time, salaried, and exempt. The position is designed to direct the firm's complex transactional matters under the direction and at the express pleasure of the Partners. Regardless of your role in either Litigation or Transactional work, Associate Attorneys assist the Partners and their fellow Associates on any and all matters the Partners deem fit and mete out. Associate Attorneys are expected to complete the work required of them in a timely manner. Our law firm is a fast paced, constantly evolving, and dynamic environment, and as such it is expected that you will be able to adapt to and anticipate the needs of your clients and the Partners. The main responsibilities, goals, and objectives of the position are as follows:

**Major Areas of Responsibility**: The major areas of responsibility for an Associate Transactional Attorney include, but are not limited to, the following:

- Executing quality legal work in a timely and efficient manner
- Researching and analyzing complex legal issues and writing briefs for submission
- Analyzing, summarizing and drafting complicated legal documents, including contracts
- Performing due diligence in legal matters concerning contracts, agreements, and mergers and acquisitions
- Drafting contracts, including employment agreements, equity documents, independent contractor agreements, vendor agreements, client service agreements, and confidentiality agreements, under the supervision of the Partners
- Preparing legal documents related to legal entities, including organizational/charter documents and agreements, resolutions, and meeting minutes

- Communicating with clients in a compassionate and empathetic manner, at all times in accordance with the high ethical standards of the State Bar of California
- Organizing and Managing assigned cases according Partner instruction
- Remaining able and willing to appear for court hearings as necessary
- Communicating with Partners and clients regarding status of transactional matters
- Completing all assigned legal tasks, and demonstrating the ability and drive to seek out and master those not assigned
- Being an active member of the Slate Law Group team and conducting yourself in a professional manner
- Generating new clients and business, with the initial goal of one (1) new client a month, which will be subject to quarterly review
- Attending at least one networking event per week

**Primary Goals/Objectives**: The primary goals and objectives of an Associate Transactional Attorney include, but are not limited to the following:

- Developing, managing, and maintaining an efficient system for your completion of tasks, projects, and deadlines
- Demonstrating the ability to work both independently and as a part of the Slate Law Group Team to increase the ability of the Partners and your fellow Associates to focus on the matters at hand
- Increasing the efficiency and effectiveness of client consults, proposals and retainers
- Managing deadlines by working with paralegal staff on calendaring, filing and client communication, intake and retention
- Developing and maintaining the ability to independently manage transactional cases, including deadlines, filings, and client communication.

### At-Will Employment

The employment offered by this letter is at-will. Either you or Slate Law Group may terminate your employment at any time on notice to the other, with or without cause. You further agree that Slate Law Group retains the right to modify, add, or eliminate any term or condition of your employment with two weeks' prior written notice, with or without cause. The provisions of this paragraph may not be modified in any way except by a written agreement signed by both you and Slate Law Group.

### Compensation and Benefits

Your annualized base salary will be ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in each case payable in accordance with Slate Law Group's standard payroll policies in effect at such time. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



**Paid Time Off and Sick Leave**

If you would like to receive additional details regarding the accrual of PTO or sick leave, you can contact Kelly or Michael, or request a call with our payroll system administrator at Gusto.

Please indicate your acceptance of this offer by signing and returning to me a copy of this letter.

Best Regards,


Agreed & Accepted:

_____

Derek Dahlin

Date:

04/15/2020