KELLY E. DUFORD, State Bar No. 295646
*kedwilliams@slatelawgroup.com*
BRANDEN C. SIGUA, State Bar No. 312282
*bsigua@slatelawgroup.com*
SLATE LAW GROUP
750 B Street, Suite 2250
San Diego, CA 92101
Ph: (619) 546-4291
Fax: (619) 354-2449

Attorneys for Plaintiff
WHITESLATE, LLP DBA SLATE LAW GROUP

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITESLATE, LLP DBA SLATE LAW GROUP,<br><br>            Plaintiff,<br><br>vs.<br><br>DEREK DAHLIN, an individual; BRIAN EVANS, individually, and as Chief Executive Officer of MANGO TECHNOLOGIES, INC. DBA CLICKUP; ROBERT SMITH, individually, and as Chief Financial Officer and Secretary of MANGO TECHNOLOGIES, INC. DBA CLICKUP; WES BRUMMETTE, individually, and as Agent for Service of Process of MANGO TECHNOLOGIES, INC. DBA CLICKUP; MANGO TECHNOLOGIES, INC. DBA CLICKUP; and DOES 1-100, inclusive,<br><br>            Defendants. | Case No.  3:20-cv-01782-W-BGS<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EXTENSION OF TIME TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Local Rule 83.3(g)(2) and the Chamber Rules of the Honorable Thomas J. Whelan's Chamber Rules §§ 5(a) and 6(a), Plaintiff WHITESLATE LLP dba Slate Law Group (hereinafter referred to as "Plaintiff "or "Slate Law") brings forth this *ex parte* application for Extension of Time to file Plaintiff's Opposition to Defendant Motion to Dismiss (the "*Ex Parte*").

Plaintiff has been presented with various unforeseen circumstances in the last coming days with one employee out with a very sick elderly father in the hospital with covid-pneumonia and the young daughter of the managing partner needing dedicated care, additionally Slate Law has been, like many other Californians' been dealing with staff members needing time off due to ongoing complications surrounding COVID-19.

Plaintiff's counsel Kelly E. DuFord ("Ms. DuFord") first let Defendants' counsel, Summer Wynn ("Ms. Wynn") (collectively referred to as the "Parties"), of the unforeseen circumstances when Ms. DuFord was unable to be present for a meet and confer on Friday, December 18, 2020, due to her young daughter being sent home from school not feeling well. (Decl. of Kelly E. DuFord ¶¶ 4-6). Ms. Wynn refused to allow the meet and confer to go forward although with two other attorneys from Slate Law's office present stating it was because Ms. DuFord was not present. Ms. DuFord was forced by Ms. Wynn to step away from her sick child during that time to join the meeting where the Parties agreed to jointly seek to extend deadlines for the Early Neutral Evaluation hearing and discovery. (Decl. of Kelly E. DuFord ¶ 7).

Around this time, the senior paralegal on this matter's ("Paralegal") father had been in and out of the hospital with a severe case of covid-pneumonia, causing the Paralegal to be absent from work. (Decl. Of Kelly E. DuFord ¶¶ 9-11). Although he was not the only individual working on this matter, along with his, Ms. DuFord's,

and other employees' unplanned and rather urgent absences, many responsibilities had fallen on Slate Law's COVID stricken team. (Decl. Of Kelly E. DuFord ¶ 12). Two unforeseen absences on the eve of Plaintiff's substantive response to Defendants' 50-page Motion to Dismiss left Plaintiff with no other avenue but to seek an extension to appropriately respond. (Decl. Of Kelly E. DuFord ¶ 13).

As the managing partner, Ms. DuFord was the attorney needed to sign and approve five to seven arguments while caring for a sick four-year-old, all weekend long and again at on Monday more intensely.

At about 3:30 p.m. on Monday, December 21, 2020, the Paralegal called the office line of Ms. Wynn and left an urgent message with her assistant requesting a call back. (Decl. Of Kelly E. DuFord ¶ 14). Ms. Wynn called the Paralegal that afternoon, where he explained to her the sensitive and personal set of unforeseen circumstances surrounding his father's grave health and how that had affected the surrounding team with the drafting of this motion. The Paralegal requested a 48-hour extension from Defendant's counsel to ensure Plaintiff could appropriately respond to their Motion to Dismiss Plaintiff's Complaint.

On December 21, 2020, at 6:52 PM, Ms. Wynn responded in form of an e-mail to Ms. DuFord and the Paralegal that she was denying Plaintiff's request for an extension and mentioned that it was due to the nature and time of the request. (Decl. Of Kelly E. DuFord ¶ 16). The Paralegal then met with Ms. DuFord, as she had been attending to her sick child since Friday and was out of the office. Ms. DuFord reached out to Ms. Wynn and attempted to make herself available for a meet and confer on the matter and left Ms. Wynn a voicemail where Ms. DuFord even provided that she called her soon to be ex-husband to stay with her daughter to ensure she was available. (Decl. Of Kelly E. DuFord ¶¶ 17-19). Ms. Wynn emailed that she would not be calling Ms. DuFord because she already spoke to her **Paralegal**.

//

On December 21, 2020, at 10:11 PM, Plaintiff filed the Declaration of Kelly E. DuFord Requesting Extension of Time to File Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF No. 13.)

Counsel for Plaintiff has made every effort to contact counsel for Defendants regarding this *Ex Parte* application for an additional 48-hour extension prior to filing. (Decl. of Kelly E. DuFord ¶ 21.)

Accordingly, this Court should grant this *Ex Parte* application for Extension of Time to file Plaintiff's Opposition to Defendant Motion to Dismiss and allow Plaintiff additional time to file.

## I.   ARGUMENT

### A.   GOOD CAUSE EXISTS FOR THIS COURT TO GRANT THIS *EX PARTE* APPLICATION

Pursuant to Local Rule 83.3(g)(2), the Honorable Thomas J. Whelan's Chamber Rules §§ 5(a) and 6(a) as detailed in the Declaration of Kelly E. DuFord, "good cause" exists to grant this *Ex Parte* application for the following reasons:

1. Counsel for Plaintiff has been severely affected by the current COVID-19 pandemic and as such needs more time to file their opposition.

2. Counsel for Plaintiff attempted to meet and confer with Defendants regarding Plaintiff's need for an additional 48-hours to file their opposition due to these health issues.

3. Counsel for Plaintiff has made every effort to contact counsel for Defendants regarding this *Ex Parte* application for an additional 48-hour extension prior to filing.

4. The original opposition date to file Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint was due on December 21, 2020. No previous extension requests have been made.

5. It is shocking that even in this time with children and parents so ill, that Defendants' counsel has required Counsel for Plaintiff to provide moving papers

because counsel for Defendants could not agree to a simple 48-hour extension so close to the Christmas holiday.

Accordingly, good cause exists for the Court to grant Plaintiff's *Ex Parte* application due to extraordinary circumstances.

Plaintiff therefore respectfully requests that the Court grant this *Ex Parte* application to permit Plaintiff to file Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint up to and including December 28, 2020.

Dated: December 22, 2020        Respectfully submitted,

WHITESLATE, LLP DBA
SLATE LAW GROUP

By: _____
KELLY E. DUFORD
BRANDEN C. SIGUA
Attorneys for PLAINTIFF
WHITESLATE, LLP DBA SLATE LAW GROUP

PLAINTIFF'S *EX PARTE* APPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EXTENTION OF TIME
5

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Notice of Electronic Filing.  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on Tuesday, December 22, 2020.

_____
Esther Hernandez