KELLY E. DUFORD, State Bar No. 295646
*kedwilliams@slatelawgroup.com*
BRYAN A. BLANCO, State Bar No. 326969
*bblanco@slatelawgroup.com*
SLATE LAW GROUP
750 B Street, Suite 2250
San Diego, CA 92101
Ph: (619) 546-4291
Fax: (619) 354-2449

Attorneys for Plaintiff
WHITESLATE LLP
DBA SLATE LAW GROUP

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITESLATE LLP DBA SLATE LAW GROUP, a limited liability partnership | Case No. 3:20-cv-01782-W-BGS |
| Plaintiff, | **DECLARATION OF KELLY E. DUFORD IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION OF TIME TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| vs. | |
| DEREK DAHLIN, an individual; BRIAN EVANS, individually, and as Chief Executive Officer of MANGO TECHNOLOGIES, INC. DBA CLICKUP; ROBERT SMITH, individually, and as Chief Financial Officer and Secretary of MANGO TECHNOLOGIES, INC. DBA CLICKUP; WES BRUMMETTE, individually, and as Agent for Service of Process of MANGO TECHNOLOGIES, INC. DBA CLICKUP; MANGO TECHNOLOGIES, INC. DBA CLICKUP; and DOES 1-100, | **Hearing** |
| | Date: January 25, 2021 |
| | Time: N/A |
| | Dept.: 3C |
| | Judge: Hon. Thomas J. Whelan |
| | NO ORAL ARGUMENT PURSUANT TO LOCAL RULE |
| Defendants. | |

I, Kelly E. DuFord, Esq. declare as follows:[1]

1.      I am an attorney-at-law licensed to practice in the States of Nevada and California, admitted to the Southern District of California, and I am the managing partner of Slate Law Group, the counsel of record herein for Plaintiff WHITESLATE LLP DBA SLATE LAW GROUP ("Plaintiff"). I am the main/lead attorney at our firm responsible for handling the prosecution of this matter on behalf of Plaintiff, and, on that basis, and upon such other bases set forth below, I have personal knowledge of the matters set forth in this Declaration, except where stated on information and belief, and could and would confidently testify to them under oath if called as a witness.

2.      On October 15, 2020, Plaintiff and Defendants filed a Joint Motion to extend Defendants' time to file a responsive pleading to Plaintiff's complaint, and page limits (Dkt. 3.0).

3.      Defendants' counsel of record, Summer Wynn of Cooley ("Ms. Wynn"), had asked for additional pages for Defendants' Motion to Dismiss and additional time to prepare, whereas Plaintiff granted their request well beyond 48-hours, which I personally agreed to.

4.      On Friday, December 18, 2020, I informed Ms. Wynn that I had to pick up my pre-k child from school as she did not feel well, and that I was afraid due to the current pandemic.

5.      Ms. Wynn however was concernedly unmoved by this information as she demanded my attendance at a meet and confer.

6.      I offered Ms. Wynn medical records as proof when she demanded that I be a part of the meet and confer regardless, even though two other attorneys barred in California made an appearance at the conference.

//

---

[1] Due to the fact that I was going to the hospital with my child the afternoon and night of December 21, 2020, I was not able to fully capture my declaration and as such I have updated my previous declaration (Dkt. 13.0) for this *ex parte* application.

**DECLARATION OF KELLY E. DUFORD IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

7.     I addressed these issues with Ms. Wynn on Friday, and despite being slightly aggressive on both sides (myself due to the anguish for my child), we agreed that we would jointly seek to extend deadlines for the Early Neutral Evaluation hearing and discovery (Dkt. 9.0).

8.     I further informed Ms. Wynn that my firm had been devastated by the effects of COVID-19.

9.     Only one of my employees attached to this matter is not currently dealing with COVID-19.

10.    My senior paralegal's father, a retired naval captain, has been hospitalized, then re-hospitalized with a severe case of covid-pneumonia, and as such he has been pulled away from his tasks for the above-named matter.

11.    His father almost passed on the morning of Thursday, December 17, 2020, and is currently fighting for his life.

12.    I cannot further describe other employee medical issues due to privacy and HIPAA considerations, however, in response to Ms. Wynn's complete lack of human empathy, the above paralegal has been brave to allow his father's health to be discussed within this present action.

13.    On December 21, 2020, we tried beyond all measures to respond to the more than 50-page motion to dismiss that Defendants filed on November 18, 2020 (Dkts. 11.0 - 11.2).

14.    On December 21, 2020, around 2:30 - 4:30 PM, my senior paralegal on this matter called Ms. Wynn to explain that an extension of 48-hours was needed to finalize and file Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint (the "Opposition") due to the above-mentioned issues.

15.    Ms. Wynn responded that while she saw no reason to deny the request, that she would have to contact her client in order to agree to an extension.

16.    That afternoon, at 6:52 PM, I received an emailed response from Ms. Wynn that she would not be able to grant an extension to the Opposition, void of

---

DECLARATION OF KELLY E. DUFORD IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

3

any reasoning and stating that their decision was based on the nature of our request, and the day it was made on.

17.    Ms. Wynn was also aware of my young daughter's ailing health as I had also advised Ms. Wynn that she was still sick.

18.    My last correspondence with Ms. Wynn was an attempt to meet and confer on the above issues despite being at the hospital for my daughter, and further, I even provided my personal number to facilitate discussion.

19.    I even called my soon to be ex-husband to stay with our daughter to ensure that I was available.

20.    Ms. Wynn refused to call me, as she had already done so with my paralegal.

21.    At the end of the day, it is alarming that in this climate as many and their family members are affected by COVID-19, that Ms. Wynn would not be amenable to a 48-hour extension for Plaintiff to file their Opposition.[2]

22.    I have made every effort to alert Ms. Wynn to Plaintiff's request for a 48-hour extension to file Plaintiff's Opposition.

23.    My office has expended more than twenty-eight (28) hours in the efforts surrounding Ms. Wynn's callous refusal and Plaintiff's need to file its *ex parte* application for more time as well as my previously filed declaration requesting an extension of time. (Dkt. 13.0)

24.    Plaintiff's need for additional time has been compounded by these wasted hours due to Ms. Wynn's refusal.

25.    Ms. Wynn has wasted Court resources for no justifiable reason.

//

//

//

---

[2] I request for privacy in the personal details for children mentioned

**DECLARATION OF KELLY E. DUFORD IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

4

1    I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct. This Declaration was executed this

3    22nd day of December 2020, in San Diego, California.

4

5    _____

6    KELLY E. DUFORD

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28